UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-22306-RAR

**KERRON RASHAD MCCARTHY**,

    Plaintiff,

v.

**K. FORBES**,

    Defendant.

_____/

## ORDER REOPENING CASE

**THIS CAUSE** comes before the Court on Defendant K. Forbes's Motion to Reopen Case, [ECF No. 18], and Motion to Conventionally File Flash Drive with Video Footage in Support of Forthcoming Motion to Dismiss, [ECF No. 19], (collectively, the "Motions"). Defendant asks the Court to reopen the case pursuant to the Court's August 11, 2025 Order, permitting Defendant to move to reopen the case after receiving service of process. *See generally* Mot. to Reopen. He also asks to file a flash drive containing video footage of an interaction involving himself and Plaintiff that is the subject of this litigation. *See generally* Mot. to Conventionally File. In both Motions, Defendant states that, because Plaintiff is *pro se* and incarcerated, he was unable to comply with this District's conferral requirement under Local Rule 7.1(a)(2).[1] This is the third motion in which Defendant has made the same assertion. *See* Mot. for Ext. of Time, [ECF No. 15], at 3 ("Because Plaintiff is *pro se* and incarcerated, undersigned counsel was unable to confer with him concerning the relief requested herein[.]").

---

[1] Defendant references "Rule 7.1(a)(3) of the Local Rules of the United States District Court for the Southern District of Florida," Mot. to Reopen, [ECF No. 18], at 2; Mot. to Conventionally File, [ECF No. 19], at 1. That rule ceased to exist following the December 2024 amendments to this District's Local Rules.

Defendant's requests are unproblematic, and the Court grants both Motions without difficulty. The crux of this Order, however, is to caution Defendant that compliance with this District's Local Rules is mandatory and to clarify that its conferral requirement applies equally to cases involving incarcerated *pro se* litigants.

Local Rule 7.1(a)(2) of the United States District Court for the Southern District of Florida states as follows:

> *Pre-filing Conferences Required of Counsel*.  Prior to filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, for pro hac vice admission, or to involuntarily dismiss an action, for garnishment or other relief under Federal Rule of Civil Procedure 64, or otherwise properly filed ex parte under the Federal Rules of Civil Procedure and these Local Rules, or a petition to enforce or vacate an arbitration award, counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute.  At the end of the motion, and above the signature block, counsel for the moving party shall certify either:  (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so.  If certain of the issues have been resolved by agreement, the certification shall specify the issues so resolved and the issues remaining unresolved. Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

S.D. FLA. L.R. 7.1(a)(2).

To begin, Local Rule 7.1(a)(2) clearly contemplates that all parties (even affected non-parties) will confer before an affirmative motion for relief is brought to the district court.  The rule makes no distinction regarding whether the party is represented by counsel or proceeding *pro se*.  Courts in this

District agree that the conferral requirement, like all other Local Rules, applies in cases involving *pro se* parties. *See Ambush v. Carnival Corp.*, No. 23-CV-20021, 2023 WL 12144572, at *1 (S.D. Fla. Aug. 15, 2023) (denying *pro se* plaintiff's motion for failure to confer and finding *pro se* plaintiff was subject to conferral requirement because "Local Rule [7.1(a)(2)] . . . places the burden of initiating a conferral on the moving party" and *pro se* litigants must comply with Local Rules (citation omitted)); *Castilla v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 11-62086-CIV, 2012 WL 1409648, at *2 (S.D. Fla. Apr. 23, 2012) ("Plaintiff is reminded once more that all parties, including *pro se* litigants, must comply with the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida, including Local Rule [7.1(a)(2)]. Before filing any motion in the future, whether *pro se* or through counsel, Plaintiff shall confer properly with Defendant's counsel."); *see also* S.D. FLA. L.R. 1.1 ("When used in these Local Rules, the word 'counsel' shall be construed to apply to a party if that party is proceeding *pro se*.").

By requiring that *all* parties attempt to resolve most non-dispositive disputes voluntarily and amicably before seeking judicial intervention, Local Rule 7.1(a)(2) serves to protect those parties from the combative nature of litigation and advance the efficient resolution of cases. There is therefore no justification for carving an exception to the conferral requirement when a *pro se* party is incarcerated. While conferring may present unique challenges when a *pro se* litigant is in custody, it is not insurmountable to make contact through written letters, or via electronic kiosks at facilities permitting such communication, or by phone. And, ultimately, counsel need only comply "with the spirit" of Local Rule 7.1(a)(2). *Lawrence v. VB Project, LLC*, No. 14-60289-CV, 2014 WL 4545930, at *2 (S.D. Fla. Sept. 12, 2014) (citing *Puccio v. Sclafani*, No. 12–61840–CIV, 2013 WL 4068782, at *3 (S.D. Fla. Aug. 12, 2013)). But excusing counsel entirely from attempting to confer with a *pro se* prisoner-plaintiff would both undermine the purposes of the rule and unfairly deprive the plaintiff of its benefits.

To clarify, the Court expects the same of a *pro se* prisoner-plaintiff who files a motion subject to Local Rule 7.1(a)(2). Indeed, prisoner-plaintiffs must make reasonable attempts to confer with opposing counsel before seeking relief, and failure to do so may result in sanctions or denial of the motion. *See* S.D. FLA. L.R. 7.1(a)(2) ("Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation[.]"). As the Supreme Court has stated, "[i]mpairment of . . . litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). In sum, all parties must make reasonable attempts to confer as required by Local Rule 7.1(a)(2) for the remainder of this case. Failure to comply with this Order and this District's Local Rules will result in sanctions.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Reopen Case, [ECF No. 18], is **GRANTED**. The Clerk of Court shall **REOPEN** the case.

2. Defendant's Motion to Conventionally File Flash Drive with Video Footage in Support of Forthcoming Motion to Dismiss, [ECF No. 19], is **GRANTED**. Defendant must serve a copy of the exhibit on the other side on a flash drive, by internet file transfer, or in whatever other means **to which the parties mutually agree**.

**DONE AND ORDERED** in Miami, Florida, this 18th day of November, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:     Kerron Rashad McCarthy
        220162749
        Miami-Dade County-PDC
        Pretrial Detention Center
        Inmate Mail/Parcels
        1321 NW 13th Street
        Miami, FL 33125
        PRO SE